Filed 10/10/22  P. v. Turner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093558 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19FE007247, 19FE018267, 19FE022785) |
| v. | |
| DARRIEN RASHAD TURNER, | |
| Defendant and Appellant. | |

Defendant Darrien Rashad Turner was convicted of multiple crimes in a global plea agreement that resolved three cases.  On appeal, he argues the abstract of judgment and minute orders erroneously fail to conform with the trial court's oral pronouncement of judgment.  He also challenges the booking and classification fees listed in the minute orders, arguing (1) the fees were not orally imposed during sentencing, and (2) the fees are invalid after the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 92, § 25).  Finally, defendant argues he is entitled to additional custody credit. The People concede the alleged errors.

Our review of the record reveals the trial court failed to impose certain mandatory assessments, and we will modify the judgment accordingly.  We will also remand the matter for the court to consider imposing a restitution fine and parole revocation fine, modify the custody credit award, and order the trial court to issue a corrected minute order in Sacramento County Superior Court case No. 19FE007247 and abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Given defendant's contentions on appeal, we provide a limited summary of the facts and procedural background of the case.

In Sacramento County Superior Court case No. 19FE007247 (case No. 247), defendant was arguing with his girlfriend in March 2019 when he threated to harm her father; the father feared for himself and his family.  Defendant personally used a firearm during the crime.  In Sacramento County Superior Court case No. 19FE018267 (case No. 267), defendant in October 2019 punched his girlfriend in the face and hit her with a metal rod, causing her to lose consciousness and suffer bruising.  In Sacramento County Superior Court case No. 19FE022785 (case No. 785), defendant inflicted great bodily injury on his girlfriend and his minor child between October and December 2019, including strangling each of the victims.  He did so while he was released on bail.

In October 2020, defendant entered into a global plea agreement.  In case No. 247, defendant pleaded no contest to making criminal threats (Pen. Code, § 422)[1] and admitted that he personally used a firearm (§ 12022.5, subd. (a)).  In case No. 267, defendant pleaded no contest to corporal injury causing a traumatic condition (§ 273.5, subd. (a)).  In case No. 785, he pleaded no contest to unlawfully permitting a child to suffer under circumstances likely to cause great bodily injury (§ 273a, subd. (a); count

---

[1] Undesignated statutory references are to the Penal Code.

one) and corporal injury resulting in a traumatic condition (§ 273.5, subd. (a); count five). In case No. 785, he also admitted with respect to count one that he committed the offense while released on bail (§ 12022.1) and, with respect to count five, he admitted to a great bodily injury enhancement (§ 12022.7, subd. (e)). Defendant agreed to a stipulated state prison term.

In December 2020, the trial court sentenced defendant to state prison for an aggregate term of 12 years, as follows: (1) in case No. 247, the low term of 16 months for making criminal threats, plus four years consecutive for the firearm enhancement; (2) in case No. 267, one year consecutive for the corporal injury charge; and (3) in case No. 785, 16 months consecutive for permitting a child to suffer under circumstances likely to cause great bodily injury, plus two years consecutive for the bail enhancement, and one year consecutive for the corporal injury charge, plus 16 months consecutive for the great bodily injury enhancement.

The court awarded the following custody credits: (1) in case No. 785, 359 actual days, plus 38 days for worktime credit (or 397 total); (2) in case No. 267, 24 actual days, plus 24 days for conduct credit (or 48 total); and (3) in case No. 247, six actual days. The court noted it was only awarding 15 percent worktime credit in case Nos. 785 and 247 because the cases involved convictions for violent felonies as defined in section 667.5, subdivision (c)(8). (§ 2933.1, subd. (c).)

The court ordered direct victim restitution (§ 1202.4, subd. (a)) but did not address any other fines or fees during the sentencing hearing. Regardless, the abstract of judgment lists a $3,600 restitution fine (§ 1202.4, subd. (b)), a corresponding $3,600 parole revocation restitution fine suspended unless parole is revoked (§ 1202.45), a $160 court operations assessment (§ 1465.8), and a $120 conviction assessment (Gov. Code, § 70373). The minute orders also list these fees, plus a $453.62 booking fee and a $90.65 classification fee. (Former Gov. Code, § 29550.2, repealed by Assem. Bill No. 1869 (2019-2020 Reg. Sess.).)

Defendant obtained a certificate of probable cause on appeal.[2]

## DISCUSSION

## I

### *Fines and Fees*

Turning first to defendant's challenge to the abstract of judgment and minute orders, we agree with defendant that the abstract of judgment and minute orders both list the following fees and fines that were not imposed orally by the trial court during the sentencing hearing: the restitution fine, parole revocation fine, court operations assessment, conviction assessment, booking fee, and classification fee. Generally, only the oral pronouncement constitutes the judgment, and any divergence in the minutes or abstract of judgment is presumed to be clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) However, when a trial court fails to impose a statutorily mandated fine or fee, the sentence is unauthorized, and the appellate court may correct the error, even if the People failed to bring it to the trial court's attention. (*People v. Smith* (2001) 24 Cal.4th 849, 852-853; *People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413.)

A court is required to impose a $40 court operations assessment per count and a $30 conviction assessment per count. (§ 1465.8; Gov. Code, § 70373; *People v. Woods* (2010) 191 Cal.App.4th 269, 271-272.) In addition, a $300 minimum restitution fine per case is mandatory unless the court finds "compelling and extraordinary reasons" for not imposing it. (§ 1202.4, subds. (b) & (c).) A corresponding suspended parole revocation

[2] Although defendant's original notice of appeal only listed case No. 785, we granted his subsequent request to construe his notice of appeal and certificate of probable cause to include case Nos. 247 and 267.

restitution fine "shall" be assessed "in the same amount" as the restitution fine. (§ 1202.45, subd. (a); *People v. Smith, supra*, 24 Cal.4th at p. 853.)

As the oral record is silent, we will modify the oral judgment to reflect the imposition of a $160 court operations assessment (§ 1465.8) and a $120 conviction assessment (Gov. Code, § 70373). We will also remand the matter for the court to consider imposing a restitution fine (§ 1202.4) and corresponding parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

With respect to the main jail booking and classification fees, we agree with defendant that, following the enactment of Assembly Bill No. 1869, these fees are no longer valid. Among other things, Assembly Bill No. 1869 repealed Government Code section 29550.2, which authorized these fees. (Stats. 2020, ch. 92, § 25.) It also enacted Government Code section 6111, which provides: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).) We shall order the trial court to issue a corrected minute order in case No. 247 and abstract of judgment that does not include the main jail booking and main jail classification fees.

## II

### *Custody Credit*

We also agree with defendant that the trial court erred in calculating custody credit in case No. 785. Although the court correctly held that defendant was only entitled to 15 percent worktime credit in case No. 785 due to the great bodily injury enhancement (§ 2933.1, subd. (c) [a defendant who is convicted of a violent crime as defined in § 667.5, subd. (c), including violating § 12022.7, subd. (e), is only entitled to 15 percent worktime credit]), the court miscalculated 15 percent of 359 actual days as 38 days. The

5

correct figure is 53 days, or 412 days total of custody credits. We shall modify the judgment accordingly.

## DISPOSITION

The judgment is modified to (1) award 53 days of worktime credit in case No. 785 (or 415 days total of custody credit in case No. 785) and (2) impose a $160 court operations assessment (§ 1465.8) and a $120 conviction assessment (Gov. Code, § 70373). The matter is remanded for the trial court to consider imposing a restitution fine (§ 1202.4) and a corresponding parole revocation fine (suspended unless parole is revoked) (§ 1202.45). The trial court is directed to prepare an amended minute order in case No. 247 that does not include the booking and classification fees. The trial court is further directed to prepare an amended abstract of judgment and to forward a certified copy of it to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　EARL, J.


We concur:


　　/s/
HULL, Acting P. J.


　　/s/
KRAUSE, J.